1  P. Kristofer Strojnik, State Bar No. 242728
2  pstrojnik@strojniklaw.com
   **THE STROJNIK FIRM LLC**
3  **A LIMITED LIABILITY COMPANY**
   Esplanade Center III, Suite 700
4  2415 East Camelback Road
5  Phoenix, Arizona 85016
   602.510.9409 (tel.)
6
7  Attorneys for Plaintiff THERESA BROOKE

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10 
11 | THERESA BROOKE, a married woman dealing with her sole and separate claim, | Case No: |
   |---|---|
12 | Plaintiff, | **COMPLAINT FOR DAMAGES, DECLARLATORY RELIEF AND INJUNCTIVE RELIEF FOR VIOLATIONS OF AMERICANS WITH DISABILITIES ACT AND UNRUH CIVIL RIGHTS ACT** |
13 | vs. | |
14 | | |
15 | AMCOR INVESTMENTS LLC, a California limited liability company dba Hampton Inn Milpitas, | |
16 | | **(JURY TRIAL DEMANDED)** |
17 | Defendant. | |

18       Plaintiff Theresa Marie Brooke alleges:

19                    **PARTIES**

20       1.      Plaintiff Theresa Brooke is a married woman currently residing in Pinal
21  County, Arizona and has an office in San Jose, California for purposes of ADA-related
22  testing and business. Plaintiff is and, at all times relevant hereto, has been legally
23  disabled, confined to a wheel chair, and is therefore a member of a protected class
24  under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth
25  at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act. Plaintiff ambulates
26  with the aid of a wheelchair due to the loss of a leg.
27
28

2. Defendant, Amcor Investments LLC, owns and/or operates and does business as the hotel, Hampton Inn Milpitas located at 215 Barber Court in Milpitas, California. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A), which offers public lodging services. On information and belief, Defendant's hotel was renovated after March 15, 2012.

## SUMMARY OF ALLEGATIONS

3. Plaintiff Theresa Brooke brings this action against Defendant, alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., (the "ADA") and its implementing regulations and the California Unruh Civil Rights Act ("Unruh"), California Civil Code §§51, 52. Specifically, Plaintiff brings this action because Defendant's hotel does not comply with Section 503 of the 2010 Standards of Accessible Design; Defendant does not have an access aisle that is compliant with Section 503.

## JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188. The Court has supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367.

5. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## ALLEGATIONS

7. Plaintiff formerly worked in the hospitality industry and her husband works in the travel industry. She and her husband are avid travelers to California for purposes of leisure travel, court-related hearings, conferences and inspections, and to "test" whether various hotels across the Country comply with disability access laws.

1  She has been to California countless times over the past few years for purposes of
2  checking ADA compliance, leisure travel, and court-related conferences.
3      8.      In early March of this year, Plaintiff and her husband took a trip to the
4  Bay Area for purposes of visiting her San Jose office and to engage in ADA testing at
5  various hotels across the Bay Area. She anticipates re-visiting the Bay Area multiple
6  times over the next year for purposes of further ADA testing, leisure travel and
7  attending Court-related conferences, hearings and the like.
8      9.      During Plaintiff's trip, she visited Defendant's hotel and stopped at
9  Defendant's passenger loading zone directly in front of the lobby. The passenger
10 loading zone is the area directly in front of the lobby that persons generally park for a
11 short period while checking in or loading luggage.
12     10.     Plaintiff could not access Defendant's lobby because the passenger
13 loading zone did not have an access aisle that complies with Section 503 of the
14 Standards. An access aisle is necessary to mark where other cars should not park,
15 thereby creating a clear path to the lobby for a person in a wheelchair.
16     11.     An illustration of a correct access aisle and compliant cut-out are provided
17 below, which was not provided by Defendant:



3

12. Deterred at the lack of equality and inability to even access the lobby, Plaintiff did not book a room.

13. Plaintiff is deterred from visiting Defendant's hotel in the future until and unless Defendant remedies the barrier referenced above. Plaintiff will visit Defendant's hotel during one of the several anticipated trips she has to the Bay Area in the coming year, but only if Defendant decides to remedy the barrier.

14. It is readily achievable to modify the hotel to provide an access aisle.

15. Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel in violation of her rights under the ADA.

16. Other potential violations and barriers to entry at Defendant's hotel may be discovered during this litigation. It is Plaintiff's intention to cure all ADA violations at this hotel, so as to avoid piecemeal litigation, and she will amend this Complaint pursuant to *Doran* if additional ADA violations are discovered in discovery or at the Joint Site Inspection generally ordered in Northern District of California cases.

**FIRST CAUSE OF ACTION**
(Violation of Title III the Americans with Disabilities Act)

17. Plaintiff incorporates all allegations heretofore set forth.

18. Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

19. Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

20. In violation of the 2010 Standards, Defendant's hotel passenger loading zone does not have a disability access aisle as required by Section 503 of the Standards.

21. Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

22. Defendant's conduct is ongoing, and, given that Defendant has never fully complied with the ADA's requirements that public accommodations make lodging services fully accessible to, and independently usable by, disabled individuals, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

23. Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its passenger loading zone be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that all of its passenger loading zone is fully accessible to, and independently usable by, disabled individuals;

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with

      the requirements set forth in the ADA, and its implementing regulations, so that the passenger loading zone is fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its passenger loading zone is fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

  c. Payment of costs and attorney's fees;

  d. The provision of whatever other relief the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION
(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)

24. Plaintiff realleges all allegations heretofore set forth.

25. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

26. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

27. Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

28. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00.

29. Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the passenger loading zone is fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its passenger loading zone is fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c. Payment of costs and attorney's fees;

d. For damages in an amount no less than $4,000.00; and

e. The provision of whatever other relief the Court deems just, equitable and appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 20th day of April, 2020.

/s/ P. Kristofer Strojnik
P. Kristofer Strojnik (242728)
Attorneys for Plaintiff

1 **VERIFICATION**

2 I declare under penalty of perjury that the foregoing is true and correct.

3 DATED this 19th day of April, 2020.

_____
Theresa Brooke